UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

IN RE

JACOB JOSEPH FKA OOTHUPPAN
CHERUTHARAYIL AND JOLLY JACOB

DEBTORS

CHAPTER 7

CASE NO. 18-23901

JUDGE: Robert D. Drain

MOTION DATE: April 8, 2019

MOTION TIME: 10:00 AM

## AFFIRMATION IN SUPPORT OF
## ENTRY OF AN ORDER GRANTING
## RELIEF FROM THE AUTOMATIC STAY

Shari S. Barak, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Southern District of New York, hereby affirms the following to be true under penalty of perjury:

1. I am a member with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Selene Finance LP as Servicer for MTGLQ Investors, L.P. ("Movant"), a secured creditor of Jacob Joseph fka Oothuppan Cherutharayil and Jolly Jacob ("Debtors"). As such, I am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in support of the within request for an Order Granting Relief from the automatic stay, for cause, pursuant to 11 U.S.C. §§ 362(d)(1) and (2).

3. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Movant is a secured creditor of the Debtors pursuant to a note executed by Oothuppan J. Cherutharayil and Jolly Jacob on August 31, 2007, whereby Oothuppan J. Cherutharayil and

Jolly Jacob promised to repay the principal amount of $248,400.00 plus interest to Weichert Financial Services (the "Note"). To secure the repayment of the Note, Oothuppan J. Cherutharayil and Jolly Jacob granted Mortgage Electronic Registration Systems, Inc. as nominee for Weichert Financial Services a mortgage, which was duly recorded in the Rockland County Clerk's Office on September 5, 2007 in Instrument Number 2007-00045615 (the "Mortgage," Note and Mortgage, collectively, as the "Loan"), encumbering real property located at 16 Kennedy Drive, West Haverstraw, NY 10993 (the "Property"). The terms of the Loan were modified by agreement dated April 14, 2013 entered into by and between Seterus as Servicer and the Debtors creating a new principal balance in the amount of $236,017.93 (the "Loan Modification Agreement"). The Mortgage was transferred from Mortgage Electronic Registration Systems, Inc. as nominee for Weichert Financial Services to Federal National Mortgage Association ("Fannie Mae"), and said transfer was memorialized by an Assignment of Mortgage executed on August 5, 2016 and recorded August 23, 2010 in Instrument Number 2016-00024633 (the "First Assignment of Mortgage"). The Mortgage was subsequently transferred to Movant, and said transfer was memorialized by an Assignment of Mortgage executed on March 7, 2018 and recorded March 8, 2018 in Instrument Number 2018-00006787 (the "Second Assignment of Mortgage"). Copies of the Note, Mortgage, Loan Modification Agreement, and Assignments of Mortgage are annexed hereto as **Exhibit "A"**.

5. Upon information and belief, the Debtors herein own(s) the Property.

6. Debtors filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code on or about December 12, 2018.

7. According to the Debtor's Statement of Intention, the Debtor intends to surrender the property. A copy of the Debtor's Chapter 7 Statement of Intentions is annexed hereto as **Exhibit "B"**

8. The Mortgage was in default on the day the Debtors filed this bankruptcy. Based upon said default, Movant initiated foreclosure proceedings in the Supreme Court of the State of New York, County of Rockland, under index number 034263/2016. Judgment of Foreclosure & Sale ("JFS") was entered November 5, 2018. Foreclosure sale was duly advertised in accordance with said judgment, with a sale date scheduled for December 13, 2018. The filing of the instant bankruptcy stayed said sale. Copies of the Judgment of Foreclosure & Sale and Notice of Sale are annexed hereto as **Exhibit "C"**.

9. Debtors have failed to make current mortgage payments due to Movant under the terms of the Loan Modification Agreement. As a result, the Mortgage remains due for the April 1, 2016 payment and each subsequent payment thereafter.

10. The amount of delinquency due as of December 18, 2019 under the Mortgage is as follows:

| | |
|---|---:|
| 7 Defaulted Monthly Payments at $2,059.76 each (April 2016 through October 2016) | $14,418.32 |
| 12 Defaulted Monthly Payments at $2,088.59 each (November 2016 through October 2017) | $25,063.08 |
| 3 Defaulted Monthly Payments at $2,015.53 each (November 2017 through January 2018) | $6,046.59 |
| 11 Defaulted Monthly Payments at $1,965.26 each (February 2018 through December 2018) | $21,617.86 |
| Corporate Advance | $5,515.00 |
| Late Fees | $0.40 |
| Total Delinquencies | $72,660.89 |

11. A copy of the Relief from Stay-Real Estate and Cooperative Apartments ("Affidavit") is annexed hereto as **Exhibit "D"**. Since the drafting of the Motion the January 1, 2019 payment has become due.

12. Moreover, in view of the total debt due to Movant and in light of the Debtor's failure to make payments, Movant is no longer adequately protected. The automatic stay must be vacated for cause pursuant to 11 U.S.C. § 362(d)(1).

13. As set forth in the Affidavit, as of December 18, 2019, the approximate debt due and owing to Movant equals $$294,252.38. The debt is accruing interest at a rate of 4.000% per annum.

14. Based upon the Debtors' Schedule D, the Property has an estimated fair value of approximately $180,000.00. A copy of Debtors' Schedule D is annexed hereto as **Exhibit "E"**. As indicated in paragraph 13 herein above, the total debt to Movant equals $294,252.38. As such, there is no dispute that the debt due to the Movant exceeds the value of the Property. By the Debtors' own valuation, the estate has no equity in the Property sought to be foreclosed. Accordingly, relief from the automatic stay is also warranted under 11 U.S.C. § 362(d)(2).

15. Movant, according to the laws of the State of New York and the terms and conditions of the Mortgage, desires to continue and/or commence foreclosure proceedings with respect to the Property.

16. The Debtors, Debtors' Attorney, the Chapter 7 Trustee and the Office of the United States Trustee have each been duly served with the within Notice of Motion, Affirmation, Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

17. No prior application has been made for the relief requested herein.

**WHEREFORE,** Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. §§ 362(d)(1) and (2) as to the aforementioned Property; allowing Movant, its agents, assigns or successors in interest, leave to exercise its rights pursuant to the Note and Mortgage including but not limited to foreclose the Mortgage secured by the subject Property; and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated: February 5, 2019
Melville, New York

/s/Shari Barak
_____
Shari S. Barak
Managing Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Selene Finance LP as Servicer for MTGLQ Investors, L.P.
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

16-055996